## CUSHMAN *vs.* BROWN and BETTS.

A counsel who signs a scandalous or impertinent pleading is person-
ally answerable for the costs of the proceedings to expunge the scandalous
or impertinent matter; and an unsuccessful attempt to collect such costs
from the party for whom such pleading was put in will not discharge the
counsel from liability.

THE answer in this cause, which was put in by the de-  July 18.
fendant Brown, was excepted to as scandalous and imper-
tinent ; and upon a reference of the exceptions the same
were allowed, and an order was thereupon made to ex-

Cushman
v.
Brown.

punge the impertinent matter, with costs. The defendant having neglected to pay the costs upon the exceptions, was committed, and being unable to pay the same, remained in prison. The counsel who signed the answer was called upon to pay such costs, but he declined paying the same. The complainant, upon an affidavit of these facts and due notice of the application to the counsel who signed the answer, moved for an order that he should pay the costs upon the exceptions.

*J. Rhoades,* for the complainant.

*M. Hoffman,* for the counsel of Brown.

THE CHANCELLOR. It is the settled law of the court that the counsel who signs the answer in such a case as this is liable for the costs. (*Powell* v. *Kane,* 3 *Paige's Rep.* 265.) And the fact stated in the affidavit of the solicitor in this case, that the counsel signed the answer without fee or reward, merely as his friend, at his request, and without reading the same, furnishes no answer whatever to this application. One principal object in requiring the signature of counsel to a bill or answer in this court is, that the court may have the security of a counsellor's certificate that the pleading is not scandalous or impertinent. And it is improper for a counsellor to put his official signature to a pleading which he has never read, and with the contents of which he is ignorant. If he puts his signature to an answer without reward, as a mere act of friendship for the solicitor, and such answer contains scandalous or impertinent matter so as to subject him to costs or to the censure of the court, he must look to the solicitor for his indemnity so far as mere pecuniary loss is concerned. The attempt to collect the costs from the defendant himself in the first instance was for the benefit of the counsel whose signature was to the answer; and that attempt having failed, the latter is not discharged from his liability.

The counsel must pay the costs as taxed, within thirty days, together with the costs of this application.