## N. Y. SUPERIOR COURT.

### MICHAEL SCHAUGHNESSY agt. BERNARD REILLY and others, and JOHN T. STEWART.

Where a motion to dissolve an injunction was made and granted at a regular special term, and without any appeal from that order, and within a day or two afterwards, *the same attorneys*, upon the same complaint, which had not been newly verified, and with no new or additional affidavit, and without a new undertaking procured from the same judge who had granted the first injunction, upon an *ex parte* application to him, made out of court, and while he was not holding court, and while another judge was holding the regular special term and chambers, another or second injunction of the same tenor and effect of the injunction which had been dissolved, together with an order to show cause thereafter why such last injunction should not be made perpetual:

*Held,* on a motion to dissolve this second injunction, that the motion be granted *with costs to be paid by the plaintiff's attorneys personally;* which was the only punishment or reproof which the court could administer to them; as it was doubtful if their misconduct was such as would authorize the punishment prescribed by the statute concerning contempts.

*Special Term, April,* 1870.

MOTION to dissolve an injunction.

In this case it appeared that, on the fourth day of the present month, a judge of this court, upon an *ex parte* application made to him by Morgan & Hanrahan, the plaintiff's attorneys, granted an injunction restraining the defendants from interfering with certain personal property claimed by the plaintiff.

The injunction was granted upon the verified complaint of the plaintiff, which alleged that he was the owner of the property, and that it had been levied upon by the defendant Stewart, one of the marshals of this city, under an execution in favor of the other defendants against one John E. Dowling. That such levy was unlawful, and if the defendants were not restrained, it would produce irreparable injury to the plaintiff.

Upon a motion before the judge holding the regular special term of the court, made on the 21st day of the present month, after hearing counsel for each of the parties, the court dissolved the injunction with costs, and an order to that effect was duly entered and served upon the plaintiff's attorneys. No appeal was taken from such order, nor was any leave given to renew the motion for another injunction.

Within a day or two afterwards, *the same attorneys,* upon the same complaint, which had not been newly verified, and with no new or additional affidavit, and without a new undertaking procured from the same judge who had granted the first injunction, upon an *ex parte* application to him, made out of the court, and while he was not holding court, and while another judge was holding the regular special term and chambers, another or second injunction of the same tenor and effect of the injunction which had been dissolved, together with an order to show cause, returnable on the seventh day of May, thereafter, why such last injunction should not be made perpetual.

Upon these facts, the judge holding the regular special term, made an order returnable in one day afterwards, why such second injunction should not also be dissolved.

On the return of the order, the defendants appeared. The plaintiff did not appear, The court dissolved the injunction, with costs, which were ordered to be paid by the plaintiff's attorneys *personally.*

James H. Coleman, *for the motion.*

Monell, J.—The only punishment or reproof which this court can administer to the plaintiff's attorneys upon this motion is, to impose upon them personally the payment of the costs of the motion. It is doubtful if their misconduct is such as would authorize the punishment prescribed by the statute concerning contempts (2 *R. S.* 534), especially,

as such misconduct was not committed in the presence of the court, and the proof at present before me is not, perhaps, sufficient, and the motion is to dissolve the injunction, and not to attach for a contempt.   Enough, however, is before me to show what has been done, and it seems to me that the course which has been pursued by the plaintiff's attorneys in this case, deserves some further reproof than this court has the power to administer upon this application.

The course of practice pursued by such attorneys was unusual, unauthorized, and irregular in every particular.   It disturbed and impeded the just and orderly practice in the action.   It was a palpable violation of a standing rule of court (*Rule* 23), and a contempt for the order which had been previously made.

The decision dissolving the first injunction was *res judicata*, and no subsequent application, upon the same papers, could be made for another injunction; and the only remedy of the plaintiff was to appeal from such decision, or to ask for leave to renew his motion.

Instead of seeking one or the other of these remedies, the attorneys procured a fresh injunction, in a manner, to my mind, most improper and reprehensible; and their act was not only injurious to the parties to the action, but was degrading to the learned profession of which they are members.

But *this court* has not the power to reach offenders of this kind in the effectual manner that is possessed by another tribunal, and I can, therefore, do no more, as the matter now stands, than to express, as I do most emphatically, my condemnation of conduct which is, as I believe, wholly without justification or excuse, and leave on record the facts, as they have been disclosed before me, to be employed, if it shall be proper, in aid of any desire there may be to relieve the legal profession of the odium which truly or untruly, it is so largely charged, rests upon it.