IN THE MATTER OF RICHARD B. KELLY, Respondent.

The institution of proceedings by one attorney, from improper motives and without just grounds, to disbar another, is misconduct for which the court has power to impose upon the moving attorney the costs and disbursements of the proceedings.

It is "misconduct as *such*" attorney, within the meaning of the clause of the act of 1847 (chap. 390, Laws of 1847), excepting such a case from the general provision abolishing imprisonment for non-payment of costs; and in case of the non-payment of costs so ordered to be paid an order and a precept, in pursuance thereof, may be properly granted and issued committing the attorney to the county jail until payment is made.

An attorney who, in the prosecution of an action or proceeding conducted by him in his own behalf, is guilty of misconduct which would subject him to costs and to imprisonment for non-payment, in case the suit or proceeding was being conducted by him for a third person, is not exempt from this statutory liability simply because he himself is a party; but is held to the same degree of responsibility in the one case as in the other.

(Argued April 27, 1875; decided May 25, 1875.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term denying a motion of H. H. Morange to vacate an order and precept committing him to jail for non-payment of costs. (Reported below, 3 Hun, 636; 6 T. & C., 117.)

An application was made, in the above entitled matter, to the said General Term to strike the name of Richard B. Kelly, from the roll of attorneys of that court. The petition was signed and presented by Henry H. Morange, also an attorney of the court, and charged Mr. Kelly with gross misconduct, deceit and malpractice in his professional capacity. This petition was accompanied by an affidavit also made by Mr. Morange purporting to set out the facts upon which the charges were founded. The allegations in the affidavit related to a proceeding supplementary to an execution instituted by Mr. Morange, as attorney, in an action between one Mr. Sherry and one Elrich, in which Mr. Kelly had intervened, and his conduct in that proceeding was the

subject of Mr. Morange's charge of malpractice. On the hearing of Mr. Morange's petition at General Term papers were read exculpating Mr. Kelly from the charge and tending to show that it had been made and pressed by Mr. Morange out of resentment and with knowledge of the facts which exonerated Mr. Kelly, and that a large number of copies of the moving papers had been printed by Mr. Morange and circulated until he was restrained by order of the court from continuing such publication. The court, after the reading of the papers and hearing Mr. Morange, deemed it unnecessary to hear counsel on the part of Mr. Kelly, and made an order declaring that it satisfactorily appeared upon the papers read that the conduct of Mr. Kelly was strictly honorable and in entire good faith, and ordering that the application be denied, with costs and disbursements; and that, it appearing that the proceedings had been prosecuted with improper motives, the said costs and disbursements be paid by Mr. Morange personally.

On appeal to this court it was held that the General Term had power to make the order, and that its decision was not reviewable here, and the appeal was accordingly dismissed. (See 59 N. Y., 595.)

On proof of the taxation of the costs and disbursements, and of demand and refusal of payment, an order and precept were made and issued committing Mr. Morange to the county jail until he should pay them.

*Samuel Hand* for the appellant. The order of General Term denying motion to disbar Kelly did not and could not authorize the imprisonment of Morange upon his neglect to pay costs. (2 R. S., 535, § 4; 3 Hill, 452; 18 Wend., 594; Laws 1840, 333, § 15; Laws 1847, 491, § 2; *In re Dakin*, 4 Hill, 42; *Hess* v. *Joseph*, 7 Robt., 609; *Lamoreaux* v. *Morris*, 4 How., 245; *Grant's Case*, 8 Abb., 357; *Ex parte Ketchum*, 4 Hill, 564; Laws 1846, 164; 5 Paige, 54, 265; 6 id., 539; 9 id., 38, 379; 1 R. S., 109, § 24; 2 id., 278; *Lansing* v. *Lansing*, 4 Lans., 377; *Ford* v. *Ford*, 10 Abb. [N. S.], 74;

*Dusenberry* v. *Woodward*, 1 Abb., 443; 2 R. S., 278, § 12; 535, §§ 3, 5; 1 id., 109, § 24; *Ward* v. *Arenson*, 10 Bosw., 589; Laws 1840, 333.)

*Wm. Henry Arnoux* for the respondent. Morange, under the order of the General Term, was personally liable for the costs and disbursements; and upon his failure to pay them it was proper to issue a precept to commit him to prison until they were paid. (2 R. S., 535, § 3; *Brockway* v. *Capp*, 2 Paige, 578; *People* v. *Nevins*, 1 Hill, 168; 1 Duer, 696.) Chapter 390 of the Laws of 1847 does not alter the remedy for the collection of costs as against attorneys, solicitors and counselors and officers of the court. (4 Crary's Spec. Proc., 172; 2 Barb., 396; *People* v. *Nevins*, 1 Hill, 154.) The General Term had power to enforce the collection of the fine imposed by imprisonment, and the mode to enforce its collection is not reviewable. (*Ellinwood* v. *Stevenson*, 1 Sandf. Ch., 366; *Brinckley* v. *Brinckley*, 47 N. Y., 40.)

*Per Curiam.* The principal point urged on behalf of the appellant is, that the costs awarded against Mr. Morange, were not ordered to be paid by him for misconduct as an attorney or counselor (Laws of 1847, 491, § 2), and that therefore he could not lawfully be imprisoned for their non-payment.

The order imposing the costs shows that the court deemed it very clear that there was no foundation for the extreme measure taken by the appellant against Mr. Kelly, and that the proceedings had been prosecuted by the appellant from improper motives. We agree with the Supreme Court in the opinion expressed by them, that to institute such a proceeding without grounds, and to prosecute it with improper motives, is misconduct in an attorney for which the court may impose costs upon him, and that the order shows that the costs in question were imposed for such misconduct. But it is claimed that although the appellant may have been guilty of misconduct, and although he be in fact an attorney,

he could not be guilty in this matter of misconduct *as such attorney*, for the reason that he was not acting for a client, but was himself the party prosecuting the proceeding.

If the court had imposed the costs on Mr. Morange simply as a party, and not by reason of any misconduct, it is very clear that the mere fact that he was an attorney of the court would not be sufficient to subject him to imprisonment for their non-payment. He should be treated in such a case like any other party, and the costs collected by execution against his property. But we deem it equally clear that if an attorney of the court, who is conducting an action or proceeding therein in his own behalf, is guilty of misconduct in the prosecution of such action or proceeding, which would subject him to costs and imprisonment for their collection if the action or proceeding were being conducted in the name of a third party, he is not exempted from the penal responsibility imposed by the statute merely by the fact that he is a party to the proceeding as well as the attorney conducting it. To hold that an officer of the court may, in a matter in which he is acting for himself, abuse the process of the court, or take proceedings therein under circumstances which would subject him to costs and imprisonment if he were acting for the benefit of a third party, and be exempted from these consequences simply because he is acting for himself, is an absurdity which the law never could have intended. In the present case the proceeding sprang out of a litigation in which Mr. Morange was acting, nominally at least, as attorney for a judgment creditor. He used his own name in the proceeding which he instituted against Mr. Kelly, but in prosecuting that proceeding he exercised the functions of an attorney and counselor of the court, and appeared before its bar representing himself to be such. In speaking of misconduct as attorneys and counselors, the act of 1847 deals with them not simply in respect to their relations to their clients, but with reference to the relation which they bear to the court, as its officers, the facilities which their position gives them for gaining the ear of the court, using its process and enjoying its confidence.

Statement of case.

If an attorney or counselor by the abuse of the confidence acquired by virtue of his office should, in a litigation, impose upon the court and use its machinery to the injury of a third party, or should attempt to do so, for his own benefit, can it be said that he would not be guilty of misconduct as an attorney or counselor of the court, simply because he was a party in interest in the litigation? We think that no such narrow interpretation can be placed upon the statute. Attorneys and counselors conducting their own cases in the courts are entitled to all the immunities and protection accorded to other litigants, so long as they refrain from doing acts which would not be permissible if they were acting for a client. But when they exceed these bounds in the conduct of proceedings before the courts they are violating their official duty, as well when acting for themselves as when representing others, and should be held to the same degree of responsibility. This point was substantially decided by us on the former appeal in this case from the order imposing costs and disbursements.

The other objections taken by the appellant are sufficiently answered in the opinion of DAVIS, J., at General Term.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.