---

### *In re* TACKE'S WILL.

(*Surrogate's Court, New York County.* October 25, 1888.)

ATTORNEY AND CLIENT—MISCONDUCT—COSTS.

Under Code Civil Proc. N. Y. § 2481, subd. 7, and Rev. St. tit. 13, c. 8, pt. 3, authorizing a surrogate to punish an attorney for any misconduct in a pending cause by which the rights of any party may be injured, a young and inexperienced attorney who, at the solicitation of his father, improperly allows his name to be used as counsel for a contestant of a will, though he knows the contest to have been instituted and continued for the purpose of coercing a settlement, will not be required to pay the costs of the contest.

For a former opinion in this cause, see *ante*, 198.
*David Welch*, for proponent. *B. F. Gerding, pro se.*

RANSOM, S. Motion to charge costs of contest to attorney and counsel of contestant personally, on the ground of misconduct. The affidavits establish the fact that B. F. Gerding, the attorney of record for contestant, never had any active part to play in this proceeding; that he was used by his father, who was not a lawyer, as a confidential and convenient instrument to commence and prosecute this contest. The father, Charles Gerding, was the discoverer of the case, and the only active promoter of the contest; and I believe but for his fostering the litigation would have ended at the conclusion of the evidence of the subscribing witnesses to the will. It is unlawful for an attorney to permit his name to be used as a cover for litigation to be conducted really by a layman, whose only interest in the nature of things must be some contingent share in any recovery had. The testimony of Paul, the attorney in fact of the contestant, who resides in Germany, is to the effect that his attorney on the contest was not to receive any compensation unless he gained the case, and that, on that agreement, the contest was begun. It is evident, therefore, in view of the facts sworn to by the attorney, that he never attended but two hearings of the fifty that were had; that his father, and not he, was the real party to this contract. It is clear that the relation of attorney and client as an honest fact never existed between the younger Mr. Gerding and Paul. The elder Mr. Gerding, the father, was the real attorney, who used his son's name because he could not lawfully act himself. The influence of the father over his young son was no doubt great, and it is, perhaps, not surprising that the latter permitted his name and office to be used. I have already decided that the contest was not carried on in good faith, and that the costs must be charged to the contestant personally, unless I should be satisfied that the attorney and counsel, because of their own misconduct, ought to be charged with them. A further examination of the case on this motion confirms my first decision as to the character of the contest, and it is impossible to see from the whole case, from the testimony of Paul himself, the real contestant, why he and the elder Gerding should be separated in respect of the bad faith displayed.

The jurisdiction of this court over attorneys and counselors, acting as such in proceedings pending, is undoubted. Section 2481, subd. 7, Code Civil Proc., is as follows: The surrogate has the power "to punish any person for a contempt of his court, civil or criminal, in any case where it is expressly

prescribed by law that a court of record may punish a person for a similar contempt and in like manner." The surrogate's court is a court of record. Section 2, Code Civil Proc. By the Revised Statutes (title 13, c. 8, pt. 3) it is provided "that every court of record shall have power to punish, by fine and imprisonment, * * * any misconduct by which the rights or remedies of a party in a cause or matter depending in such court may be defeated, impaired, impeded or prejudiced, in the following cases: All attorneys, counselors, solicitors, * * * for any misbehavior in such office or trust." See, also, re-enactment of this provision in substance in section 14, Code Civil Proc. Of the adjudicated cases on this subject I cite but one,—*In re Kelly*, 62 N. Y. 198: "In speaking of misconduct as attorneys and counselors, the act of 1847 deals with them and simply in respect to their relations to their clients; but with reference to the relation which they bear to the court, as its officers, the facilities which their position gives them for gaining the ear of the court, using its process, and enjoying its confidence. If an attorney or counselor, by the abuse of the confidence acquired by virtue of his office, should, in a litigation, impose upon the court, and use its machinery to the injury of a third party, or should attempt to do so for his own benefit, he is liable to be punished for contempt."

I am convinced that if the attorney of record in this proceeding had ever given his duty in the premises serious thought, he would have been restrained by the obligations of his oath of office as an attorney from pursuing this contest; at least, beyond the examination of the subscribing witnesses. The subsequent proceedings have the savor of a fraudulent design to coerce an unrighteous settlement. In this connection I feel constrained to quote the language of the revered and eminent Judge SHARSWOOD: "There is perhaps no profession after that of the sacred ministry in which high-toned morality is more imperatively necessary than that of the law. There is certainly, without any exception, no profession in which so many temptations beset the path to swerve from the lines of strict integrity,—in which so many delicate and difficult questions of duty are constantly arising. There are pitfalls and man-traps at every step, and the mere youth, at the very outset of his career, needs often the prudence and self-denial, as well as moral courage, which belong commonly to riper years. High moral principle is his only safe guide, —the only torch to light his way amidst darkness and obstruction."

The young attorney in the inception of this contest was, no doubt, animated by great confidence in his father, and easily persuaded by him and Paul to allow his name to be used as attorney. I do not seriously condemn him for that, but his subsequent conduct in the proceeding cannot be justified. It can only be excused on the score of inexperience and weakly yielding to the the persuasions of a man who should have been the last in the world to tempt him astray.

As to the experienced counsel who was employed by Paul and the elder Gerding to examine some witnesses for the contestant, I do not find any fact upon which he can be charged with that degree of misconduct which would amount to a contempt of court. His manner of discharging his duty as such counsel when appearing before the assistant to the surrogate is not a proper subject of remark by me on this motion. Civil treatment of the court and of counsel engaged in a cause is always best. Whether one shall be of good manners or not on such an occasion, unless a contempt of court is committed, is always a question of taste, and is not a proper subject for judicial inquiry. As to the course pursued in this matter by Paul and the elder Gerding, they may be held for any damages occasioned by their trespass against the personal rights of Mrs. Zundel in a common-law action.

This motion is denied, without costs. Let the decree admitting the will to probate, and charging the contestant personally with the maximum amount of costs and taxable disbursements of the contest, be handed up.