MARY E. POST, IMPLEADED, ETC., APPELLANT, *v.* DAVID CHARLESWORTH AND OTHERS, RESPONDENTS.

*Unauthorized appearance by an attorney — relief by motion — the attorney compelled to pay the judgment.*

Where the court can protect all parties who have any rights involved, it may, on summary application by motion, grant relief to a party, as against an attorney, for an unauthorized appearance, by compelling the attorney to pay a judgment recovered against the party on such unauthorized appearance.

On such an application the court will not disregard affidavits on behalf of the party, and take the unverified statement of the attorney in preference thereto, simply because he is an officer of the court.

Where a married woman was named as a plaintiff with her husband in an action for the partition of land, in which she had only an inchoate right of dower, and a judgment for costs was entered against the plaintiffs on a dismissal of the complaint, and the wife thereafter made a motion in the action to have the judgment vacated as against her, on the ground that the appearance for her by the attorney of record for the plaintiffs was unauthorized by her, or else that the attorney be directed to pay such judgment, and the attorney was notified of the motion, but took no steps to oppose it, except by writing the court an unverified letter stating that he had appeared for the wife at her husband's request, and supposed it was all right, and that he did not object to the judgment being vacated, but did object to being compelled to pay it, which statement was opposed by an affidavit of the husband that he never authorized or directed the attorney to appear for the wife:

*Held,* that a proper case was presented for relief on motion, and that if the judgment could not be collected by the defendant from the husband, for whom the appearance of the attorney was authorized, the court should direct it, together with the costs and disbursements of the application, to be paid by the attorney who had appeared for the wife without authority.

APPEAL by the plaintiff Mary E. Post from an order made at the Montgomery Special Term, and entered in the office of the clerk of the county of Fulton on the 26th day of February, 1892, denying a motion of the said plaintiff to have a judgment for costs recovered

against the plaintiffs in favor of the defendant David Charlesworth vacated as to her, and for general relief.

*George E. Phillips*· and *Westbrook & Borst,* for the appellant.

*Frank B. Towman,* for the respondents.

HERRICK, J.:

An action for the partition of real estate was commenced ·in the name of John H. Post and Mary E. Post, his wife, as plaintiffs, Mary E. Post having only an inchoate right of dower in the premises sought to be partitioned. The action was commenced and prosecuted by attorneys of this court in the name of both plaintiffs. On the trial the plaintiffs failed to maintain their action, and the defendant David Charlesworth had judgment dismissing plaintiffs'' complaint, with costs and disbursements, and judgment for such costs and disbursements was entered up against both plaintiffs.

Thereafter Mary E. Post applied in the same action to a Special Term of this court, alleging that she never had any knowledge that she was a party to said action until an execution was issued upon the judgment; that she never authorized anybody to make her a party to said action; that she never employed or requested the attorneys of record to appear for her in said action, or do anything for her in respect thereto; that she was made a party " without her consent, authority, knowledge or request," and she asked that the appearance of the said attorneys of record for her in the action be vacated and set aside; that the name of Mary E. Post, as a party plaintiff in the action, be struck out; that the decision and judgment against her be vacated and set aside, and be canceled of record; and that she may have such further order or relief as the court may grant.

Upon the motion coming on to be heard the attorney for the defendant Charlesworth objected to the hearing of the motion upon the ground, among others, that the attorneys who had appeared for Mary E. Post in the action were not parties to the motion and did not appear thereon; the Special Term thereupon made an order · that, upon the moving affidavits and notice of motion, together with the affidavit, that such objection had been made, the said attorneys

show cause, at a Special Term designated in the order, why they should not be made parties to the motion and application stated in the notice of motion, and be heard and be bound by the disposition thereof by the court, and why, if the judgment and exection should not be set aside as to Mary E. Post, the said attorneys should not be ordered, directed and required to pay the same. The affidavits, notice of motion and order to show cause were served upon the attorneys, who appeared for her in the action; these attorneys do not appear to have been represented before the Special Term, neither did they appear before this court upon the appeal, although the record shows that notice of the appeal was directed to them. A letter, however, was sent by one of the firm to the justice holding the Special Term, in which it was stated that they appeared for Mary E. Post "at her husband's request, and supposed it was all right;" the writer further stated: "Now, I do not object to the judgments being vacated, but I do strenuously object to being compelled to pay it."

One of the moving affidavits served upon such attorneys was an affidavit of the husband of Mary E. Post, in which he expressly swears that he never authorized or directed said attorneys to use the name of his wife as a party plaintiff, and did not know or understand that she was a party plaintiff until after the trial of the action. The Special Term denied the motion, for what reason does not appear:

The appellant adopted the proper practice to obtain the relief sought.

"It has become the settled practice in this State that relief against a judgment rendered against a party upon the unauthorized appearance of an attorney in his name is to be sought in a direct application to the court by motion in the action in which the unauthorized appearance was entered." (*Vilas et al.* v. *P. and M. R. R. Co. et al.*, 123 N. Y., 450.)

The judgment is regular. For reasons of public policy the court holds the appearance good. (*Sperry* v. *Reynolds*, 65 N. Y., 183; *Ferguson* v. *Crawford.* 70 id., 256; *Vilas* v. *P. and M. R. R. Co.*, 123 id., 441.)

The court, in the exercise of its powers over its own judgments, where judgment has been obtained against a defendant who has

been represented upon the record by an unauthorized appearance of an attorney of the court, has opened the case and allowed such defendant to come in and defend, allowing the judgment to stand as security to the plaintiff. (*Denton* v. *Noyes*, 6 Johns., 297.)

There is no reason, however, why the court should exercise its power in that respect in this case, because to do so would be of no benefit to the appellant; she has no action to defend, nothing to litigate, except the question whether she was represented by an attorney, and made a party plaintiff by her consent. Where the attorney appearing for the plaintiff without authority was insolvent, the execution has been set aside and all proceedings against the plaintiff perpetually stayed. (*Campbell* v. *Bristol*, 19 Wend., 101.)

But here it appears that the attorneys are pecuniarily responsible. Hence both parties can be protected.

The appellant has her remedy for damages against the attorneys who appeared for her without authority. (*Hamilton* v. *Wright*, 37 N. Y., 502–504; *Ferguson* v. *Crawford*, 70 id., 253–256; *Vilas* v. *P. and M. R. R. Co.*, 123 id., 441–450.)

But is that her only remedy? She asks the court that in the event it concludes not to vacate and set aside such judgment, that it direct the defendant to make good his judgment out of the property of the plaintiff John E. Post, and, if that is insufficient, that the attorneys who appeared for her be directed to pay the same.

The question for us is, then, whether the appellant shall be compelled to pay this judgment and then resort to an action against the attorneys to recover her damages, or whether relief can and shall be granted to her on this motion.

In the case of *Vilas* v. *P. and M. R. R. Co.* (*supra*), the court said:

"Under our system of procedure, relief on motion is administered upon equitable as well as legal principles. In ordinary cases, where relief is sought against a judgment on the ground that the appearance of an attorney was unauthorized, the rights of the parties can be as fully presented and as carefully adjudged on a motion as in an action."

While that was said in discussing the question as to whether the proper procedure to vacate a judgment was by action or motion, it seems to me that it is equally applicable to the question whether

the party in seeking his remedy against an attorney for an unauthorized appearance should be compelled to commence an action, or whether, in a proper case, it can and should be granted upon a motion such as this. If the court can protect all parties who have any rights in the premises, without driving them to the annoyance, trouble and expense of an action, it should do so.

This court is, to a certain extent, responsible for the actions of the attorneys upon its rolls. As was said in *Sperry* v. *Reynolds* (65 N. Y., 179–183): "They are, in a certain sense, officers of the court, and, to a certain extent, are under the control of the courts, which can exercise a coercive power over them; and the courts can, in the action in which an unauthorized appearance has been put in, give a party such relief against it as he ought to have." And, again, in the case of the *American Insurance Company* v. *Oakley* (9 Paige, 497) it was said that: "Where the adverse party has acquired rights, or been subjected to costs, by proceedings in the name of a party who afterwards denies the authority of the attorney or solicitor who has thus proceeded, the courts are in the habit of permitting the proceedings to stand, where the attorney or solicitor is a responsible man, and leaving the party injured by such unauthorized proceedings to seek his redress against such solicitor or attorney by a summary application to the court or otherwise."

It seems to me that the court has power, in a proper case, to make the attorney, who has appeared without authority, save the party for whom he appeared, harmless. Should it be done in this case? From the record before the court it seems to me that the attorneys had no authority to appear for the appellant. She swears she gave no authority or consent, and had no knowledge of it, or that she was a party. Her husband, the other plaintiff of record, swears that he did not authorize the attorneys to appear for her or to make her a party plaintiff. Opposed to these affidavits is the unverified letter of one of the attorneys saying the appellant's husband authorized them to appear for her, and that they supposed it was all right.

The court cannot disregard the sworn affidavits of parties, and take the unverified statement of an attorney in preference thereto, simply because he is an officer of the court. The attorneys were notified of this application. Notice of motion and the moving affidavits were served upon them, together with the order directing

them to show cause why they should not be compelled to pay the judgment if the court refused to vacate it. The letter sent to the court shows that they thoroughly comprehended the nature of the application, and that they were in danger of being compelled to pay the judgment. The writer says: "I do not object to the judgment being vacated, but I do strenuously object to being compelled to pay it." Very natural on his part, but it affords no relief to any one concerned except the attorneys who have caused the trouble. No other objection or defense to the motion is made by them, they appeared neither at Special Term or before this court.

The plaintiff who did authorize the attorneys to appear for him should, of course, pay the judgment. If the defendant cannot collect it of him then, I think, it a proper case for the court to direct that the attorneys, who have appeared without authority, should pay the same, together with the costs of this application.

Let an order be entered accordingly, with ten dollars costs and printing and other disbursements to both parties to this appeal.

MAYHAM, P. J., and PUTNAM, J., concurred.