(85 App. Div. 607.)

## ARONSON v. SIRE.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. ACCOUNTING—INTERLOCUTORY JUDGMENT—ENTRY BY CONSENT—MODIFICA-
    TION.
      Where, in an action for an accounting under an agreement by which defendant, in the event of his purchase of a lease on foreclosure, bound himself for the term of the lease to pay plaintiff annually a quarter of the net profits realized under the lease above a specified sum, an inter-locutory judgment directing defendant to account for the net profits de-rived from the lease from the date of the deed on foreclosure was en-tered by consent, defendant was not entitled to an amendment of the judgment so as to require him to account for the profits derived from the date he obtained possession after the date of the deed.

2. SAME—REMEDY BY MOTION TO SET ASIDE JUDGMENT.
      Where an interlocutory judgment was entered by consent of the par-ties, defendant's remedy, if he desired to be released from his stipulation, was by motion to set aside the judgment, and not by motion to correct it.

3. ORDER—RESETTLEMENT—GROUNDS.
      A motion for a resettlement of an order denying a motion to amend an interlocutory judgment, entered by consent, for the purpose of having the order recite that a preliminary objection to the hearing of the motion to amend at Special Term, Part 1, was made on the ground that the inter-locutory judgment had been granted at Special Term, Part 2, and that the hearing of the motion to amend should be referred to the justice who presided at the time the judgment was granted, was properly denied.

Appeal from Special Term, New York County.

Action by Rosalie Aronson against Henry B. Sire.   From an order of the Special Term denying a motion to amend an interlocutory judgment, and from an order denying a motion to resettle said order, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Franklin Bien, for appellant.
Moses Weinman, for respondent.

LAUGHLIN, J.   This is an action for an accounting of the in-come under a lease of the premises situate at the southeasterly cor-ner of Thirty-Ninth street and Broadway, in the city of New York, known as the "Casino Property," and it is based on an agreement in writing between the parties, made on the 24th day of April, 1897, by which the defendant, in the event of the purchase of the lease by him under a decree of foreclosure in an action then pending, agreed, for the term of the existence of said lease and any renewal thereof and any further lease of the property that might be obtained by the parties, to pay to the plaintiff annually a sum equal to one-quarter of the net profits received and realized under the lease over and above

the sum of $25,000, which was to be first deducted from the annual gross income for the payment of the ground rent, taxes, assessment, and insurance. When the cause was moved for trial, an interlocutory judgment was entered by consent, directing the defendant to account for the net profits derived under the lease from the 17th day of October, 1898, to the date of the accounting, and for the moneys which the plaintiff may be entitled to receive under said agreement. The attorneys for the defendant stipulated in writing for the entry of the interlocutory judgment in this form. The defendant, upon affidavits showing that he did not obtain possession of the premises under the lease until on or about the 1st day of March, 1899, moved to amend the interlocutory judgment by inserting that date in place of the 19th day of October, 1898, as the date from which he should account. Although it is not controverted that the defendant did not obtain possession until the 1st day of March, 1899, it appears that he purchased the lease at the foreclosure sale, and obtained the referee's deed on the 19th day of October, 1898, the date from which he has been directed to account. It therefore presumptively appears that he was entitled to possession from that date. Prior to obtaining actual possession, he may have received rent or other consideration from those who remained in possession, and, if so, it is his duty to account therefor. If he received no rent, income, or other consideration under the lease between the 19th day of October, 1898, and the 1st day of March, 1899, there is nothing to account for during that period under the interlocutory decree, and therefore in no event is he prejudiced by the requirement that he should account from the date of the purchase of the lease. If, on the other hand, he received moneys or other property between the date of the purchase of the lease and the time he obtained possession thereunder in which the plaintiff is entitled to share, her rights will be lost, unless he is required to account therefor in this action. Moreover, there was no authority to amend the interlocutory judgment in this respect by motion. It is not claimed that it was not entered in strict accordance with the agreement of the parties. It cannot be assumed that the plaintiff would have consented to the interlocutory judgment if it had not required the defendant to account from the date of the purchase of the lease. If the defendant desired to be released from his stipulation, his remedy was by motion for such relief, and to have the interlocutory judgment vacated, and not by a motion to correct the decree as entered. The purpose of the motion for a resettlement of the order was to have it recited that counsel for defendant entered a preliminary objection to the hearing of the motion at Special Term, Part 1, upon the ground that the interlocutory judgment had been granted at Special Term, Part 3, and that the hearing on the motion should be referred to the justice who presided at the time of granting the interlocutory judgment. There is no merit in this objection, and it was properly overruled.

It follows, therefore, that both orders should be affirmed, with one allowance of $10 costs and disbursements. All concur.