### BEER v. ORTHAUS et al.

(Supreme Court, Appellate Division, First Department.   April 24, 1908.)

JUDGMENT—AMENDMENT—CORRECTING CONSENT DECREE ON MOTION.

Where the court has entered an interlocutory decree in partition upon the consent of all parties and in accordance with their stipulations, it cannot subsequently correct the decree upon motion of one of the parties, because of an alleged mistake of the parties as to the law governing the partition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 590.]

Appeal from Special Term.

Partition proceeding by Sophia Beer against Joseph Orthaus and others. From an order granting a motion to amend an interlocutory consent decree, plaintiff appeals. Reversed, and application denied, without prejudice.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and LAUGHLIN, JJ.

William E. Deane, for appellant.

Holls, Wagner & Burghardt (Frederic W. Hinrichs, of counsel), for respondents.

CLARKE, J.   This is an appeal from an order entered on the 17th of October, 1907, amending the interlocutory judgment entered herein upon the consent of all parties on the 29th of May, 1907.   The action was instituted for the partition or sale of certain real estate situated in the county and state of New York.   The complaint contained allegations as to the rights, shares, and interests of the various parties in and to the premises mentioned and described therein.   The answers admitted all of the allegations of the complaint, with the exception that they denied knowledge or information sufficient to form a belief as to the allegations of the nineteenth paragraph, "that the premises described were the only real estate within the state owned or possessed by the parties in common," and the twentieth, "that there are no general or specific liens against any or either of the undivided shares of said premises, or any or either of the parties to this action, and that no person other than the plaintiff and defendants have any rights and interests in said premises, as owners or otherwise."   Upon application of the plaintiff, an order of reference was made for the purpose of ascertaining and reporting the rights, shares, and interests of the several parties, together with an abstract of the conveyances and the several matters mentioned in the complaint.   Under the order of reference hearings were had, during the course of which a stipulation was entered into as follows:

"It was stipulated and agreed by the attorneys for the several parties to this action that the rights, interests, and shares of the parties hereto, as set forth in the complaint herein, are correct, and that the defendants Joseph Orthaus, Anna Orthaus, Leo Orthaus, Lydia Conrads, Alexander Conrads, Mathilde Luenenborg, Alfons Luenenborg, Alwina Cohansz, and Edward Cohansz are entitled to rights and the distributive shares the same as if they were citizens of the United States, and irrespective of the fact whether they are aliens or citizens of the United States."

Thereafter the referee made and filed his report, stating the rights, shares, and interests of the several parties to this action to be those set forth in the complaint, and admitted by the answers of the respondents, and as stipulated to be correct in the record before the said referee. He found that the plaintiff, Sophia Beer, is seised in fee simple absolute and is possessed of an equal undivided one-half part or share of said property, and the defendants Joseph and Leo Orthaus, Lydia Conrads, Mathilde Luenenborg, and Alwina Cohansz are each of them seised in fee simple absolute and are each of them in possession of one equal undivided one-tenth part or share thereof, and that the share of Joseph Orthaus is subject to the inchoate right of dower of Anna Orthaus, his wife, who is at the age of 40 years and the said Joseph is of the age of 52 years. Upon the filing of said report an interlocutory judgment was entered upon the written consent of the attorneys of all the parties to the action, confirming said report and setting forth the rights, shares, and interests of the various parties to this action as the same were set forth in the complaint, admitted by the answers, and as ascertained by said referee in his report, and as stipulated to be correct in the record of the hearing before said referee, and said property was ordered to be sold under the direction of the referee. The property was sold for the sum of $21,650.

After the entry of the interlocutory judgment, and after the sale of the premises, the respondents Joseph Orthaus and others applied to Special Term for an order confirming the proceedings theretofore had, confirming the sale herein, as well as the interlocutory judgment, except that portion of the interlocutory judgment which sets forth the rights of the parties to the property in this action, and amending such interlocutory judgment by inserting the interest of parties as alleged in the affidavit upon which said motion was made. The change asked for was that, instead of it being adjudged that the plaintiff was entitled to one-half the property and the five defendants entitled to one-tenth, the plaintiff and each of the defendants should be adjudged to be entitled to one-sixth of the property. Said motion was granted in toto and without costs, and this appeal is taken from said order so amending said interlocutory judgment.

It seems that the property to be partitioned belonged to one Sophia Orthaus, who died seised thereof on October 1, 1906, intestate. She survived two sisters, Mrs. Bruning, the mother of the plaintiff, and Francisca Orthaus, the mother of the five defendants alluded to. These six nephews and nieces, who are all of age, were the only heirs at law of the intestate. The complaint correctly states that the plaintiff is the daughter of the sister, Sophia, and who, if living, would have been entitled to an undivided one-half part of the fee, and that the defendants Joseph, Leo, Lydia, Mathilde, and Alwina are sons and daughters of Francisca, now deceased, who was a sister of Sophia, and who, if living, would have been entitled to an undivided one-half part in the premises; but, when it stated the present right of each of these heirs, it stated, as above indicated, that the plaintiff has an estate of inheritance and is seised and possessed of an undivided one-half part, and in separate paragraphs as to each of the other

five, that he or she has an estate of inheritance in the premises, and is seised and possessed of an undivided one-tenth part. The appellant claims that these allegations of the present estate were, under section 286 of the real property law (Laws 1896, p. 620, c. 547), all being nephews and nieces and of equal degree of consanguinity, mistaken conclusions of law. A mistake made by the plaintiff in her complaint, overlooked by the defendants' attorneys in their answers, repeated by the referee, and in the interlocutory judgment entered upon the consent of all parties and based upon the stipulation, each one of which, pleadings, stipulation, orders, report, and judgment repeated erroneous conclusions of law. It appears that no referee's deed upon the sale has been delivered and no final judgment has been entered.

I have no doubt that the court would have power, upon proper application, to relieve the parties of their stipulation; nor have I any doubt but that, upon proper application, the court would have power to allow the defendants to amend their answers, which being done, of course, the plaintiff would have a right to amend his complaint. The whole proceeding up to the present time has been based upon the proposition that the allegations of the complaint as to the various rights of the parties were true. Incidental to the admissions of the answer, the stipulation provided for a waiver of all questions as to the right of these defendants to take; that is to say, consideration of the provisions of law regarding the rights of aliens to take property in this state was eliminated. It may be that such question can be raised in this case. Such fact may be considered to be a fair consideration for the stipulation that no such question should be raised. If all of these defendants are entitled to take, undoubtedly everybody has misconceived the law; but I do not understand that upon a misconception of the law by everybody the court can proceed by way of short cut to undo all that has been done. To justify this practice would be fatal, it seems to me, to the proper conduct of court proceedings.

In Aronson v. Sire, 85 App. Div. 607, 83 N. Y. Supp. 362, in an action for an accounting, an interlocutory judgment was entered by consent, directing the defendant to account for the net profits derived under the lease from the 17th day of October, 1898, to the date of the accounting, and for the moneys which the plaintiff might be entitled to receive under said agreement. The attorneys for the defendant stipulated in writing for the entry of the interlocutory judgment in this form. Subsequently a motion was made to amend the interlocutory judgment. This court said:

"There was no authority to amend the interlocutory judgment in this respect by a motion. It is not claimed that it was not entered in strict accordance with the agreement of the parties. * * * If the defendant desired to be released from his stipulation, his remedy was by motion for such relief and to have the interlocutory judgment vacated, and not by a motion to correct the decree as entered."

In Smith v. Smith, 121 App. Div. 480, 106 N. Y. Supp. 137, in an action for partition, the court made a decision containing findings of fact and conclusions of law in which the rights of the respective parties were stated and a judgment was directed for actual partition, with costs to the plaintiff. Upon this an interlocutory judgment was en-

tered in conformity with the decision. The order appealed from amended this interlocutory judgment. The court said:

"The only interlocutory judgment that could be entered was the one directed by the decision. While the court would have power to correct an error in the entry of the judgment, it could not change the decision or authorize the entry of a judgment differing from the one directed by the decision."

Changes made by the order amending the interlocutory judgment seriously affect the substantial rights of the parties. I find no warrant for the practice pursued.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the application denied, with $10 costs, without prejudice to such further proceedings as the parties may be advised to secure relief from the stipulation, and the entry of a decision or report upon which a proper interlocutory judgment may be made. All concur.