(128 App. Div. 920.)

### BEER v. ORTHAUS et al.

(Supreme Court, Appellate Division, First Department. November 20, 1908.)

1. PARTITION (§ 73*)—INTERLOCUTORY JUDGMENT—SETTING ASIDE—TERMS IMPOSED.

The attorney for plaintiff in partition intentionally misstated the interests of the parties in order to gain an advantage for his client by misleading the defendants, and the error was not discovered till after an interlocutory judgment had been entered finding the interests as stated in the complaint, and directing a sale. Defendants' motion to set aside the judgment and for leave to amend their answer, and for relief from a stipulation that the interests of the parties were as alleged by plaintiff, was granted without costs, and without allowing plaintiff to amend the complaint, and directing the disbursements to be borne in proportion to the true interests of the parties. Held, that the terms were not unduly lenient to defendants, but might well have been made more onerous to plaintiff.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 206; Dec. Dig. § 73.*]

2. ATTORNEY AND CLIENT (§ 24*)—MISCONDUCT IN CONDUCT OF CASE—TERMS ON OPENING JUDGMENT—IMPOSITION ON ATTORNEY.

The terms might well have been imposed on plaintiff's attorney personally.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 32; Dec. Dig. § 24.*]

Appeal from Special Term, New York County.

Action by Sophia Beer against Joseph Orthaus and others. From an order setting aside an interlocutory judgment and referee's report, and permitting defendants to serve an amended answer, plaintiff appealed. Affirmed.

See, also, 125 App. Div. 574, 109 N. Y. Supp. 997.

This was an action for partition of land between the heirs of a decedent. The plaintiff was a citizen of the United States, and the only heir of a sister of the decedent, and the defendants were aliens and the heirs of another sister of decedent. The statute of descents provides that, when the heirs are related in equal degree to the decedent, they shall inherit equally. The complaint alleged that the plaintiff was entitled to an undivided half of

<hr>

the premises, and that the five defendant heirs were each entitled to an undivided one-tenth. This was admitted by the answer and also by a stipulation between the attorneys that the complaint correctly stated the interests of the parties. The referee's report on title and the interlocutory judgment directing a sale followed the complaint and the stipulation as to the interests of the parties. The error was discovered by defendants, as they insist, where a purchaser at the sale successfully objected to the title on that and other grounds. Defendants moved below to set aside the interlocutory judgment and referee's report, for relief from the stipulation, and for leave to amend their answer, which was granted without costs, the disbursements made, which were heavy because of the futile sale, etc., to be borne in proportion to the interests of the parties, one-sixth by plaintiff and five-sixths by defendants, and without permission to plaintiff to amend the complaint. Plaintiff's attorney, opposing the motion, swore that the complaint was not so drawn by mistake, and that the stipulation was made by defendant's attorneys after conference with plaintiff's attorney, and was so done because, if they had insisted on their client's rights, plaintiff would have amended the complaint by alleging the alienage of defendants, and would have contested their right to inherit at all.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William E. Deane, for appellant.
Frederic W. Hinrichs, for respondents.

PER CURIAM. The order appealed from follows the suggestion made by this court upon the former appeal, when it was charitably assumed that the appellant's attorney, as well as the attorneys for the respondents and the referee, had fallen into inadvertent error as to the law governing the devolution of the estate sought to be partitioned. The present appeal seems to have been taken because the appellant's attorney thinks that the terms more favorable to him should have been imposed. In view of his extraordinary statement now made that he labored under no mistaken view of the law, but consciously and intentionally misstated the proportion of the estate to which his client was entitled, in the hope that the defendants would be misled thereby to their own disadvantage, but to the plaintiff's advantage, the terms imposed might well have been made more onerous upon the appellant, and have been charged against the attorney personally. Since the respondents, however, are content with the present order, we do not feel called upon to modify it.

Order affirmed, with $10 costs and disbursements.